IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FOREST LABORATORIES, INC., FOREST : 
LABORATORIES HOLDINGS, LTD., MERZ :
PHARMA GMBH & CO. KGAA, MERZ :
PHARMACEUTICALS GMBH, and ADAMAS :
PHARMACEUTICALS, INC., :
:
Plaintiffs, :
:
v. : Civil Action No. 14-508-LPS
:
AMNEAL PHARMACEUTICALS LLC, :
AMNEAL PHARMACEUTICALS OF NEW :
YORK, LLC, AMERIGEN :
PHARMACEUTICALS, INC., AMERIGEN :
PHARMACEUTICALS LTD., and MYLAN :
PHARMACEUTICALS, INC., :
:
Defendants. :

**MEMORANDUM ORDER**

WHEREAS, Magistrate Judge Burke issued a 33-page Report and Recommendation (the "Report") (D.I. 108), dated February 26, 2015, recommending that Defendant Mylan Pharmaceuticals, Inc.'s ("Mylan") Motion to Dismiss for Lack of Personal Jurisdiction Over the Person ("Motion to Dismiss") (D.I. 25) be denied;

WHEREAS, on March 16, 2015, Mylan objected to the Report ("Objection") (D.I. 117), and specifically objected to the Report's conclusion that Mylan has consented to the general jurisdiction of Delaware courts and, thus, its recommendation that the Motion to Dismiss be denied;

WHEREAS, on March 25, 2015, Plaintiffs responded to the Objections (D.I. 43), and further requested that, "[t]o put this case on as equal a footing as possible with *AstraZeneca* and

1

*Acorda*, and to enable the Federal Circuit to address all of them in a unified appellate proceeding if the Federal Circuit so chooses, . . . that the Court consider their response to Mylan's objections to Judge Burke's R&R at the Court's earliest convenience" (*id.* at 9);

WHEREAS, on January 14, 2015, the Court rejected Mylan's arguments regarding its Motion to Dismiss in *Acorda Therapeutics, Inc. v. Mylan Pharms. Inc.*, 2015 WL 186833 (D. Del. Jan. 14, 2015), finding that Mylan is subject to the general jurisdiction of Delaware courts (for the reasons explained in *Acorda*);

WHEREAS, on January 27, 2015, Mylan filed an unopposed Motion for Certification for Interlocutory Appeal of the Court's personal jurisdiction decision in *Acorda* (C.A. 14-935-LPS D.I. 32);

WHEREAS, on January 30, 2015, the Court granted Mylan's Motion for Certification for Interlocutory Appeal of the Court's decision in *Acorda*, including the question of whether Mylan's compliance with Delaware's business registration statutes, 8 Del. C. §§ 371 and 376, constitutes consent to general personal jurisdiction in Delaware (C.A. 14-935-LPS D.I. 36);

WHEREAS, on December 17, 2014, the Honorable Gregory M. Sleet granted Mylan's Motion for Certification for Interlocutory Appeal in *Astrazeneca AB v. Aurobindo Pharma Ltd.*, 2014 WL 7533913 (D. Del. Dec. 17, 2014);

WHEREAS, on March 17, 2015, the Federal Circuit granted Mylan permission to appeal in *Acorda*, *see Acorda Therapeutics Inc. v. Mylan Pharmaceuticals Inc.*, 2015-124, *appeal docketed*, No. 15-1456 (Fed. Cir. Mar. 17, 2015), and *AstraZeneca*, *see AstraZeneca AB v. Mylan Pharms Inc.*, 2015-117, *appeal docketed*, No. 15-1460 (Fed. Cir. Mar. 17, 2015);

WHEREAS, the Court has considered Mylan's Motion to Dismiss *de novo*, as it presents

case-dispositive issues, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Mylan's Objection (D.I. 117) is OVERRULED, Judge Burke's Report (D.I. 108) is ADOPTED, and Mylan's Motion to Dismiss (D.I. 25) is DENIED.

2. Given the detailed reasoning provided in the Report, as well as the lengthy discussion of the jurisdictional issues in *Acorda*, and further given that Mylan has in the instant case raised no arguments that are not adequately addressed in Judge Burke's report and/or *Acorda*, the Court finds it unnecessary to address Mylan's Motion to Dismiss or its Objections any further. (*See* D.I. 117 at 1 n.2) (Mylan recognizing that "[t]his Court recently addressed many of these same jurisdictional arguments in *Acorda*")

3. Either party may file a motion to certify this Order for interlocutory appeal should it wish to do so.

March 30, 2015  
Wilmington, Delaware

UNITED STATES DISTRICT COURT